United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS WILLIAM SWEARINGEN, et al.,

Plaintiffs,

v.

GENERAL MOTORS LLC,

Defendant.

Case No. 23-cv-04314-SI

**ORDER DENYING MOTION TO REMAND TO STATE COURT**

Re: Dkt. No. 20

Before the Court is plaintiffs' motion to remand to state court. Dkt. No. 20. Defendant General Motors opposes. Dkt. No. 25. Plaintiffs waive oral argument on this motion. Dkt. No. 20. For the reasons discussed below, the Court DENIES the motion to remand.

**BACKGROUND**

On July 21, 2023, plaintiffs filed this action in the Sonoma County Superior Court against General Motors (GM) and Doe defendants 1 through 10. Dkt. No. 1-1 (Compl.). The complaint alleges three causes of action under the Song-Beverly Consumer Warranty Act, a fourth case of action claiming fraud, and a fifth cause of action alleging violations of California Business & Professions Code § 17200. *Id.* The complaint was served on GM's agent for service of process on July 27, 2023. Dkt. No. 1-2 at 7. On August 23, 2023, GM filed a Notice of Removal based on diversity jurisdiction. Dkt. No. 1.

On September 21, 2023, plaintiffs filed the present motion for remand. Plaintiffs do not explain why removal based on diversity jurisdiction was improper. Instead, they assert that during the meet and confer process, defendant was not able to meet its burden of proving, "with competent evidence," that the requirements for removal jurisdiction under 28 U.S.C. §§ 1441 and 1446 were

met. Dkt. No. 20 at 6.[1] Plaintiffs assert that unless defendant can meet their burden of proving the Court has removal jurisdiction, the Court should remand the action. *Id.* at 6, 9.

Defendant GM responds that because plaintiffs' motion for remand focuses solely on the burden of proof and fails to address any substantive arguments for jurisdiction, plaintiffs have not contested any of defendant's factual allegations supporting federal jurisdiction. Dkt. No. 25 at 1. GM further argues that even if plaintiffs' motion for remand can be said to trigger an evidentiary challenge, GM has met their burden of showing by a preponderance of the evidence that removal is proper based on diversity jurisdiction. *Id.*

In their reply, plaintiffs argue that GM has failed to meet its burden of proving removal jurisdiction. Dkt. No. 27 at 2. Specifically, plaintiffs argue that GM has submitted "no admissible evidence proving the citizenship of any of the parties." *Id.* at 3. They argue that "a declaration" -- presumably the declaration of Timothy M. Kuhn[2] -- that GM included as an exhibit in its opposition is inadmissible, and even if deemed admissible, it fails to show GM's citizenship. *Id.* at 4-5. Plaintiffs do not contest that the amount in controversy requirement for diversity jurisdiction has been met.

**LEGAL STANDARD**

The proponent of federal jurisdiction, typically the defendant, has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When removal is based on diversity of citizenship, in addition to complete diversity of citizenship, an amount in controversy requirement must be met. 28 U.S.C. § 1332; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

---

[1] Page numbers for Dkt. No. 20 refer to ECF page numbers because the brief does not contain page numbers.

[2] Plaintiffs state that GM cited to "a declaration signed by its lawyer purporting to set forth" information about GM's citizenship. Dkt. No. 27 at 4. The declaration regarding GM's citizenship is signed by Timothy M. Kuhn, employed by General Motors as Counsel. Dkt. No. 25-3. Mr. Kuhn does not represent GM in this lawsuit.

2

threshold"; the defendant need not incorporate evidence supporting the allegation. *Id.* at 89, 84. If a plaintiff contests the defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88 (referencing 28 U.S.C. §1446(c)(2)(B)).

## DISCUSSION

The Court agrees with GM that plaintiffs' motion for remand does not present an evidentiary challenge to removal. Plaintiffs do not contest GM's allegations regarding complete diversity of citizenship and the amount in controversy. Rather, plaintiffs assert that defendants have not meet their burden of proof. In their notice of removal, defendants included plausible allegations that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. The procedural requirements for removal under 28 U.S.C. § 1446 were met.[3] Thus, removal was proper.

Plaintiffs argue that by filing this motion, they "have placed the allegations in Defendant's Notice of Removal at issue." Dkt. No. 27 at 6. Even if the Court construes this as an evidentiary challenge to removal, defendant has met its burden of proving by a preponderance of the evidence that the requirements for removal based on diversity jurisdiction have been met.

There is complete diversity of citizenship. Plaintiffs are California citizens. *See* Compl. ¶ 1 (alleging that plaintiffs are residents of the City of Santa Rosa, County of Sonoma, State of California).[4] According to GM's Counsel Timothy M. Kuhn, GM is a citizen of Michigan and Delaware, the states where GM and its members are incorporated and have their principal places of business.[5] Dkt. No. 25-3; *see* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage, LP*,

---

[3] In their reply, plaintiffs argue that GM "submitted no admissible evidence showing the date that Defendant was served with the Complaint." Dkt. No. 27 at 3. The summons and proof of service of the summons are in the case record at Dkt. No. 1-2 and show that the summons was served on GM by personal service on July 27, 2023.

[4] In their reply, plaintiffs argue that GM's opposition "simply assumes, without proving" that plaintiffs are citizens of the State of California. Dkt. No. 27 at 5. However, plaintiffs allege in their complaint that they are California residents, and a plaintiff's state of residence is presumptively considered to be their state of citizenship. *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951).

[5] Plaintiffs object to the declaration of Timothy M. Kuhn, Counsel at GM, as lacking

3

437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens"). Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of Does 1 through 10 is not considered in determining whether jurisdiction based on diversity of citizenship exists.

GM has submitted sufficient proof that the amount in controversy requirement is satisfied. Plaintiffs seek damages for the purchase price of the vehicle; a civil penalty two times the amount of actual, incidental, and consequential damages; attorneys fees; and punitive damages on the fraud-based claim. Compl. ¶¶ 37-39, 43-46, 120. GM has provided a copy of the sales contract for the subject vehicle. Dkt. 25-2. In their notice of removal, GM included documentation of attorneys' fees awards and damages awards in similar cases. *See* Dkt. Nos. 1-4 to 1-6. In their opposition, GM cites to similar cases where courts found the amount in controversy was established or awarded damages above $75,000. *See* Dkt. No. 25 at 4-7. Plaintiffs do not contend that the amount in controversy requirement has not been satisfied.

**CONCLUSION**

Plaintiffs' motion for remand is accordingly DENIED. The Court will retain jurisdiction of this matter.

**IT IS SO ORDERED**.

Dated: October 25, 2023

SUSAN ILLSTON
United States District Judge

---

foundation and being conclusory. Dkt. No. 28. The Court overrules these objections.

4