UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WILLIAM SWEARINGEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No. 23-cv-04314-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 13 |

Defendant has filed a motion to dismiss the fourth and fifth causes of action of plaintiffs' complaint. Dkt. No. 13. Plaintiffs request leave to file a First Amended Complaint. Dkt. No. 21. Defendant does not oppose permitting plaintiffs to serve an Amended Complaint, but requests that the Court dismiss the fraud claims for failure to state a cause of action on which relief may be granted. Dkt. No. 23 at 3. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss WITH LEAVE TO AMEND. Plaintiffs shall file their first amended complaint no later than **November 17, 2023**.

**BACKGROUND**

**I.      Factual Allegations**[1]

This action arises from plaintiffs Thomas William Swearingen and Margaret Mary Swearingen's ("plaintiffs'") purchase of a new 2020 Chevrolet Bolt ("Bolt"). Dkt. No. 1 ("Compl.") ¶¶ 7-9. On January 30, 2021, plaintiffs bought the Bolt from an "authorized dealer and agent" of

---

[1] For the purposes of this motion to dismiss, the Court treats as true the factual allegations as stated in plaintiffs' complaint and draws all reasonable inferences in plaintiffs' favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

General Motors ("GM") in California. *Id.* ¶ 9.

In 2021, GM issued a recall notice for the Bolt stating that its batteries may ignite when nearing a full charge. *Id.* ¶¶ 18, 27. In that recall notice, GM warned that the vehicle's charge should not exceed 90%, the battery mileage should not fall below 70 miles, and the vehicle should not be parked indoors overnight due to fire risk. *Id.* According to plaintiffs, GM "falsely represented" that the Bolt was "safe and functional for normal use." *Id.* ¶ 16.[2] Plaintiffs argue defendant's misrepresentation is proven by the recall notice. *Id.* ¶ 84.

According to plaintiffs, defendant "marketed the vehicle in a false and misleading manner by advertising it as safe and function[al]," which it was not due to the "presence of defective and dangerous lithium-ion battery modules." *Id.* ¶ 17; *see also id.* ¶ 28 (alleging that GM "falsely represented the safety of the vehicle"). GM also "willfully, falsely, and knowingly marketed the [Bolt] as having the range capability to reach 259-miles on a full charge." *Id.* ¶ 69. The mileage range was at the center of GM's marketing efforts and "featured prominently in virtually every advertisement and consumer communication." *Id.* ¶ 74. GM "pervasively and consistently represented that the vehicle had the best-in-class fuel economy and touted its specific mileage range on a single charge, as well as its supposedly superior battery, that was presumably safe." *Id.* ¶ 74.

Based on GM's advertising, plaintiffs "believed that they were purchasing a vehicle that was functional and safe" and "could not have reasonably understood or expected these representations to be untrue at the time of acquisition." *Id.* ¶¶ 24-25. GM's representations were false because the vehicle's lithium-ion battery causes the vehicle to overheat during prolonged use, "resulting in a substantial reduction in the range capability of the vehicle." *Id.* ¶ 70. GM "knew the representations were false and intended Plaintiffs to rely on them," as evidenced by GM's advertising which stresses the Bolt's 259-mile range. *Id.* ¶¶ 71, 79. Defendant "took affirmative actions" to conceal and suppress the fact, about which GM had exclusive knowledge, "that the vehicle could not achieve its expected range and safety due to the overheating battery." *Id.* ¶¶ 75, 78. Plaintiffs bought the vehicle "based in part on the false and misleading representations" that were part of an "extensive

---

[2] It is unclear if plaintiffs assert that GM made this representation at the time of sale, or when plaintiffs brought the Bolt into authorized repair facilities. *See* Compl. ¶¶ 12-16.

advertising campaign." *Id.* ¶¶ 72, 80. "Knowledge and information about the vehicle's defects were in the exclusive and superior possession of the Defendant and their dealers" and plaintiffs "could not reasonably discover the defect through due diligence." *Id.* ¶ 76. Plaintiffs "reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the vehicle and, had they known the truth, they would not have purchased the vehicle or would have paid significantly less for the vehicle." *Id.* ¶ 81.

Regarding damages, plaintiffs allege they are entitled to replacement of the Bolt or restitution of the amount paid or payable, plus prejudgment interest; incidental damages plus interest; consequential damages plus interest; attorneys' fees; civil penalties two times the amount of actual, incidental, and consequential damages; and punitive damages. *Id.* ¶¶ 37-39, 43-46, 120. Plaintiffs argue that due to the battery defect and risk of fire, they were forced "to make unforeseen accommodations and take precautions that interfere with their normal and expected use of the vehicle." *Id.* ¶¶ 19, 30. "Plaintiffs expected to use the vehicle without fear of the vehicle igniting and causing serious bodily harm or death" and "have suffered constant anxiety and loss of sleep as a direct result of the risk the vehicle may spontaneously ignite." *Id.* ¶¶ 29, 33.

Plaintiffs further allege an injury of overpaying for the vehicle and receiving a quality of vehicle less than what they expected to receive. *Id.* ¶ 91. They argue they paid an unwarranted premium and "would not have purchased the vehicle if they had known that the vehicle contained a defective, unsafe battery." *Id.* ¶ 100. Plaintiffs emphasize their "severely limited" and "significantly diminished" use and enjoyment of the Bolt. *Id.* ¶¶ 31, 117.

**II.  Procedural History**

On July 21, 2023, plaintiffs filed this action in the Sonoma County Superior Court against General Motors and Doe defendants 1 through 10. Compl. The complaint alleges three causes of action under the Song-Beverly Consumer Warranty Act, a fourth case of action claiming fraud, and a fifth cause of action alleging violations of California Business & Professions Code § 17200. *Id.* At issue in this motion to dismiss are the fourth and fifth causes of action alleging fraud (misrepresentation and concealment) and violations of the "fraudulent prong" of Business &

3

1  Professions Code § 17200[3] (collectively the "fraud claims"). Dkt. No. 13 at 1.  On August 23, 2023,
2  defendant filed a Notice of Removal based on diversity jurisdiction. Dkt. No. 1.  On September 21,
3  2023, plaintiffs filed a motion for remand to state court, which this Court denied on October 25,
4  2023. Dkt. No. 29.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A pleading must contain allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Dismissal under Rule 12(b)(6) is proper when the complaint "lacks a cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

---

[3] California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.*, prohibits "any unlawful, unfair… or fraudulent business act or practice."  Defendant does not move to dismiss alleged violations of the "unlawful" and "unfair" prongs.

4

Under Rule 9(b), fraud claims must be pled with particularity. Rule 9(b)'s heightened pleading requirements demand that "[a]verments of fraud must be accompanied by the who, what, when, where, and how" of the misconduct charged and "must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Specifically, fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). California Business & Professions Code § 17200 claims based on fraud "must satisfy the particularity requirement of Rule 9(b)." *Swartz*, 476 F.3d at 1105.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Dismissal of Fraud (Affirmative Misrepresentation and Concealment) Claims Based on Pleading Deficiencies

GM argues that plaintiffs' fraud claims are not pled with particularity because they do not contain "the required how, where, to whom, and by what means any misrepresentation or concealment occurred." Dkt. No. 13 at 4. GM further argues that plaintiffs' fraud claims should be dismissed for failure to plead the necessary element of justifiable reliance. *Id.* at 6. GM also argues that setting aside plaintiffs' failure to meet the Rule 9(b) heightened pleading standard, the fraud claims should be dismissed because plaintiffs "did not allege facts plausibly showing the circumstances of GM's alleged knowledge, what was allegedly known, or how it was discovered before Plaintiffs purchased the Subject Vehicle" and fraud claims "must be based upon conduct before or at the time of the transaction." Dkt. No. 13 at 6, 7.

5

Plaintiffs do not address defendant's arguments about the complaint's inadequacies but request leave to amend, indicating they can plead the how, when, to whom and by what means the fraud occurred. Dkt. No. 21.[4] Plaintiffs indicate they will amend the complaint to allege that GM knew of the risk of fires in the Bolt vehicles dating back to 2019, prior to the sale of the subject vehicle, and that GM knew of at least twelve fires involving the Bolt by August 2020. Dkt. No. 21.

The elements of fraud are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) (citations omitted).[5]

The Court agrees with defendant that plaintiffs' fraud claims are not pled with the particularity required by Rule 9(b). Plaintiffs' complaint is identical to five other complaints before this Court and includes boilerplate and conclusory allegations of fraud.[6] Plaintiffs do not plead facts about the who, when, how, and where with respect to misrepresentations about or concealment of the battery defect. The complaint does not include allegations about the specific content of the allegedly false representations, nor the identity of the GM employee(s) who made the allegedly false statements. It is unclear whether plaintiffs allege GM had knowledge of the battery defect at the time of sale. Intent to defraud and justifiable reliance are pled in only a conclusory fashion, and it is unknown what specific advertisements or marketing materials plaintiffs relied on in purchasing the Bolt.

The Court thus dismisses the fraud claims for lack of factual support. However, the factual

---

[4] Plaintiffs' brief does not contain page numbers.

[5] Under California law, intentional concealment can be a separate cause of action. *See Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009). The elements of a cause of action for "fraud based on concealment" are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Id.* (internal quotation marks omitted) (citations omitted).

[6] Defendants note that the complaint "mirrors the complaints in more than two dozen identical complaints that Plaintiffs' Counsel recently filed against GM." Dkt. No. 13 at 1.

deficiencies in the pleading could be cured by the allegation of additional facts, so the Court grants plaintiffs leave to amend. *See Lopez*, 203 F.3d at 1130.

## II. Whether Plaintiffs' Fraudulent Misrepresentation Claims Fail as a Matter of Law Because They Are Based on EPA Estimates

Defendant argues that plaintiffs' fraudulent misrepresentation claims fail because they are based on EPA estimates. Dkt. No. 13 at 7. Defendant asserts that plaintiffs' misrepresentation allegations focus on marketing the Bolt's mileage range as 259-miles on full charge range capability. *Id.* Defendants argue that this figure is "simply the combined EPA range rating for the 2020-2022 Bolt EV" and "no misrepresentation occurs when a manufacturer merely advertises EPA estimates." *Id.* at 7-8 (citations omitted).

"As a matter of law, there is nothing false or misleading about… advertising with regard to… statements that identify the EPA fuel economy estimates." *Paduano v. American Honda Motor Co., Inc.*, 169 Cal. App. 4th 1453, 1470 (2009). "Thus, no misrepresentation occurs when a manufacturer merely advertises EPA estimates." *Gray v. Toyota Motor Sales, U.S.A., Inc.*, 554 Fed. Appx. 608, 609 (9th Cir. 2014). However, other statements GM made in its marketing materials could constitute misrepresentations. *See Paduano*, 159 Cal. App. 4th at 1470.

In addition to alleging that the 259-mile range estimate was a misrepresentation, plaintiffs allege that GM "falsely represented" that the Bolt was "safe and functional for normal use," although it is unclear whether plaintiffs allege this misrepresentation was made at the time of sale or when plaintiffs brought the Bolt into authorized repair facilities. *See* Compl. ¶¶ 16-17, 28. The Court agrees with defendant that a failure to allege particular affirmative misrepresentations beyond the EPA estimates would require dismissal of the fraudulent misrepresentation claim. However, to the extent plaintiffs can adequately plead misrepresentations beyond the 259-mile range estimate, dismissal as a matter of law at this stage is not appropriate.

7

### III. Whether Plaintiffs' Fraudulent Concealment Claims Fail as a Matter of Law

#### A. Whether Plaintiffs' Fraudulent Concealment Claims are Barred by the Economic Loss Rule

Defendant argues that plaintiffs second theory of fraud, fraudulent concealment, fails as a matter of law for two reasons. Dkt. No. 13 at 8. The first reason is because plaintiffs seek purely economic damages, "which are barred by the economic loss rule." Dkt. No. 13 at 8.

The California economic loss rule provides that when "a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (internal quotation marks omitted). Economic loss consists of "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Id.* In *Robinson*, the California Supreme Court held that the economic loss rule did not bar the plaintiff's fraud and intentional misrepresentations claims because they were independent of the breach of contract. *Id.* at 991. The court clarified that this holding was "narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." *Id.* at 993.

Defendant argues that federal courts "routinely apply the economic loss rule to bar claims for fraudulent concealment against vehicle manufacturers." Dkt. No. 13 at 8. The cases defendant cites (and the string citations contained in those cases) are all non-binding District Court decisions, mostly decided on the merits and not at the motion to dismiss stage. The *Robinson* court based its determination that the plaintiff's fraud claim was not barred by the economic loss rule on the defendant's "affirmative intentional misrepresentations of fact," but did not address whether the defendant's "intentional concealment constitutes an independent tort." 34 Cal. 4th at 991. The Court cannot find at this stage that the economic loss rule bars plaintiffs' fraud claims as a matter of law. Defendants may raise and further brief the economic loss rule argument in future dispositive motions.

### B. Whether Plaintiffs' Fraudulent Concealment Claims Fail Because Plaintiffs Didn't Purchase the Bolt Directly From GM

Defendants next argue that plaintiffs' fraudulent concealment claims fail as a matter of law because "California law does not permit a cause of action for concealment that did not arise in a fiduciary relationship, or from a transaction involving direct dealings between plaintiff and defendant" and plaintiffs do not allege that they purchased the Bolt directly from GM or otherwise entered into a transaction with GM. Dkt. No. 13 at 8.

Plaintiffs respond that a transactional relationship with GM does exist because plaintiffs purchased the vehicle from a GM dealership, GM backed the purchase with an express warranty, and GM's authorized dealerships are its agents for the purposes of the sale of GM vehicles. Dkt. No. 21. For purposes of the motion to dismiss, the Court takes as true plaintiffs' allegation that they bought the Bolt from "an authorized dealer and agent" of GM. Compl. ¶ 9.

One of the elements of a claim for fraudulent concealment is that the defendant was under a duty to disclose the concealed fact to the plaintiff. *Kaldenbach*, 178 Cal. App. 4th at 850. "A duty to disclose facts arises only when the parties are in a relationship that gives rise to the duty, such as seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual arrangement." *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 311 (2017). The California Supreme Court has described the necessary relationship as a "transaction" between plaintiff and defendant. *Id.* (citing *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 294 (1970). "Such a transaction must necessarily arise from direct dealings between plaintiff and defendant." *Id.* at 312.

The Court finds that dismissal as a matter of law would be inappropriate at this stage. The relationship between the "authorized dealer" from whom plaintiffs bought the Bolt and GM is a factual matter, and all inferences must be drawn in favor of plaintiffs. GM argues this case is similar to *Bigler-Engler*, where a California Court of Appeal reversed a jury verdict for fraudulent concealment against the manufacturer of a medical device because there was "no evidence of a relationship" between the plaintiff and the manufacturer "sufficient to give rise to a duty to disclose." 7 Cal. App. 5th at 314. The plaintiff had obtained the medical device from a third-party

without the manufacturer's involvement. *Id.* There are factual differences between *Bigler-Engler* and this case that are inappropriate for resolution at the motion to dismiss stage.[7] Defendants may raise and further brief this issue in future dispositive motions.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DISMISSES plaintiffs' fourth cause of action (fraud) and the "fraudulent prong" of their fifth cause of action (violations of California Business & Professions Code § 17200) WITH LEAVE TO AMEND. Plaintiffs shall file their amended complaint no later than **November 17, 2023**.

**IT IS SO ORDERED**.

Dated: November 6, 2023

SUSAN ILLSTON
United States District Judge

---

[7] For example, in *Bigler-Engler* the evidence did now show that the manufacturer knew prior to the lawsuit that the plaintiff was a potential user of the medical device, that plaintiff was prescribed the device, or that plaintiff used the device. 7 Cal. App. 5th at 314. The evidence also did not show that the manufacturer "directly advertised its products to consumers" or that it received any monetary benefit directly from plaintiff's individual rental of the medical device. *Id.* Here, plaintiffs allege that GM advertised the Bolt directly to consumers, and it is unknown whether GM knew that plaintiffs had purchased a Bolt from the "authorized dealer."